**GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP**

Attorneys at Law | 711 Third Ave., New York, NY 10017-4014
T (212) 907-7300 | F (212) 754-0330 | www.golenbock.com

Direct Dial No.: (212) 907-7348
Direct Fax No.: (212) 754-0330
Email Address: mdevorkin@golenbock.com

**MEMO ENDORSED**

August 4, 2025

> Application DENIED. The conference scheduled for August 13, 2025 at 2:30 p.m. will be held as scheduled. The Clerk of Court is directed to terminate ECF No. 20.
>
> SO ORDERED.
>
> *Jessica Clarke*
>
> JESSICA G. L. CLARKE
> United States District Judge
>
> Dated: August 7, 2025
> New York, New York

**VIA ECF**

The Honorable Jessica G. L. Clarke
United States District Judge
United States District Court
500 Pearl Street, Room 1040
New York, New York 10007

> Re: Shleppers Holdings, LLC "Shleppers") v. Civic Van Lines, Inc. d/b/a Civic Van Lines, LLC ("Civic"), <u>No. 7:25-cv-03294-JGLC</u>

Dear Judge Clarke:

      We represent Defendant Civic Van Lines, Inc. I write to request an adjournment of the initial pretrial conference currently scheduled virtually on August 13, 2025, at 2:30 p.m. (Dkt. 10, Order, May 7, 2025) to a date after a mediation scheduled for September 16, 2025. I have not previously requested this adjournment. Plaintiffs' counsel does not consent, but I am unsure of the reasons why.

      On May 15, 2025, we entered an appearance replacing prior counsel, D.Ct. Dkt. 12, and are also engaged with Plaintiff in this and a related State Action[1] in ongoing mediation. As a result, Civic's time to respond to the Complaint has been extended to August 1, 2025. D.Dct. Dkt. 14, 17. On August 2, Civic filed in this case its Answer and Counterclaim, D.Ct. Dkt. 19 (the Counterclaim was included to preserve the right to do so, but is pending with other related claims in the State Action).

      First, pursuant to Rule 2(e) of the Court's Individual Rules and Practices in Civil Case, I write to advise the Court that a mediation in the State Action and this case has been underway and is scheduled to resume on September 16, 2025 (the next date available to the JAMS mediator and all parties) that has the potential to resolve that case and the instant dispute, *in toto*. Certain parties are also scheduled to meet directly on August 6 to discuss a resolution.

      Second, as set forth below there is a separate State Action between the same parties filed almost six months prior to this case, which concerns the same subject matter of this case, and

---

[1] *Jason Freidland, et al. v. Raz Itzhaki, et al.*, No. 74159/2024 (N.Y. Sup. Ct. Westchester Cty.) (Jamieson, J.) ("State Action").

**GOLENBOCK EISEMAN**
**ASSOR BELL & PESKOE** LLP

The Honorable Jessica G. L. Clarke
August 4, 2025
Page 2

which will result in a decision on the threshold state law issues upon which this Federal Action depends.

**Background**

Shleppers is owned by members Jason, Michael, and Benjamin Friedland and Raz Itzhaki and Eyal Golan ("Itzhaki/Golan") and operates under an Operating Agreement, as amended ("Operating Agreement"). Jason Friedland, Raz Itzhaki and Eyal Golan are the three managers of Shleppers. The Shleppers Operating Agreement provides that certain actions by Shleppers require the unanimous consent of the three Managers of Shleppers.

On January 1, 2015, Shleppers and Civic signed a license agreement (the "License Agreement"), granting Civic the right to use the Shleppers name and trademark in certain parts of California. Raz Itzhaki signed the License Agreement on behalf of Shleppers, and Itzhaki/Golan were familiar with its terms. Jason's brother Michael owns Civic.

**State Action**

On October 29, 2024, Jason, Michael, and Benjamin Friedland filed the State Action, alleging misconduct by Itzhaki/Golan, including with respect to the License Agreement. Dkt 1, ¶¶69-73, 106[2]. On December 17, 2024, Itzhaki/Golan filed counterclaims, including claims resting on the License Agreement, the conduct concerning, and the alleged termination thereof. Dkt. 2, ¶¶34, 35, ¶¶28, 29 (misnumbered), ¶¶36-49, 50-58, 65-67. On December 17, 2024, Itzhaki/Golan filed a Third-Party Complaint on behalf of Shleppers and themselves against, *inter alia,* Jason, Michael, and Civic, making similar claims about, and the right to terminate, the License Agreement. Dkt. 3, ¶¶27-34, 50-65. On January 31, 2025, Michael Friedland answered the Counterclaims, and Michael Friedland and Civic Van Lines, Inc. answered the Third-Party Complaint. Dkt. 11, 13.

On August 1, Civic and Michael Friedland filed a First Amended Answer to the Third-Party Complaint, With a Counterclaim, all related to the state law and License Agreement issues. My firm represents Civic in the State Action and Michael Friedland on certain of the State Action claims.

**This Federal Action**

On April 22, 2025, Itzhaki/Golan caused Shleppers to file this Federal Action asserting Civic allegedly failed to meet revenue targets and make required royalty payments, and on February 26, 2025, Shleppers allegedly terminated the License Agreement. D.Ct. Dkt. 1, ¶¶29-42. This alleged termination and filing the Federal Action on behalf of Shleppers was caused only by Itzhaki/Golan, both without the unanimous consent of the Managers required by the Operating Agreement, and both a waste of Shlepper's assets and a breach of fiduciary duty. On information and belief, the Shleppers' Journal of Disbursements

---

[2] Dkt Numbers refer to the State Action.

**GOLENBOCK EISEMAN**
**ASSOR BELL & PESKOE** LLP

The Honorable Jessica G. L. Clarke
August 4, 2025
Page 3

reflects that as of May 31, 2025, Itzhaki/Golan have used no less than $82,500, and as much as $159,381 *in Shleppers own funds* to prosecute the Federal Action, again without unanimous consent of the Managers.

      This Federal Action asserts Lanham Act claims against Civic, which are entirely dependent on a determination of the identical issues on state law claims pending in the State Action, to wit, whether (i) Civic breached its License Agreement with Shleppers; and (ii) Itzhaki/Golan had authority under the Shlepper Operating Agreement to cause Shleppers to terminate the License Agreement and there were grounds to do so. The Federal Action pleads copyright infringement by Civic after the alleged termination of the License Agreement, but it cannot be disputed that such claim totally fails and cannot proceed if Civic prevails in this state case that the License Agreement remains in effect.

      Unquestionably, the threshold issues in the Federal Action duplicate the License Agreement claims in this first-filed Action. Requiring Civic, Michael Friedland, *and Shlepper* to simultaneously litigate the same issues in two courts wastes judicial resources of two courts and Shleppers, Civic, and Michael Friedland, and could lead to conflicting results. Such duplicative litigation is pointless, particularly when Itzhaki/Golan are improperly using Shleppers funds to do so (half of which otherwise belong to the Friedlands) as part of their retaliatory strategy of burdensome, duplicitous litigation.

**Duplication and Adjournment**

      On July 28, 2025, Civic wrote the Supreme Court Justice Jamieson a required, pre-motion letter seeking to file a motion to enjoin Itzhaki/Golan (parties therein and members of Plaintiff Shleppers, who caused Shleppers Holdings LLC ("Shleppers") to file this Federal Action without legal authority under the Operating Agreement of Shleppers and almost *six* months after this case began) from continuing to prosecute this second-filed, duplicative proceeding), until there is a final decision in the State Action on the state law claims that are a threshold issue in this Federal Action. *[Interested Underwriters at Lloyd's v. H.D.I. III Associates](#)*, 213 A.D.2d 246, 247 (1st Dep't 1995); *[Jay Franco & Sons v. G Studios, LLC](#)*, 34 A.D.3d 297, 298 (lst Dep't 2006); *[Certain Underwriters at Lloyds, London v. Millennium Holdings LLC](#)*, 52 A.D.3d 295, 295 (1st Dep't 2008). Itzhaki/Golan oppose that motion in the State Action for a stay, in part on the grounds that they allege a state court cannot enjoin, even temporarily, parties before it from proceeding in a federal court on related second-filed claims. We disagree. We are waiting for the State Court to respond to the letters.

      Case law indicates the first-filed rule in Federal Court only applies to two pending cases in federal court. In the alternative to the State Court enjoining Itzhaki/Golan temporarily from proceeding here, Civic will file a motion here for temporary abstention until there is a final decision in the State Action on the state law claims that are a threshold issue in this Action. *[Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York](#),* 762 F.2d 205 (2d Cir. 1985).

      In view of these circumstances. we submit it makes the most sense to adjourn the IPC and the IPC statement to a date *after* September 16, 2025, because this will best promote judicial economy and the conservation of party resources. In the alternative, we request an immediate remote conference with the Court to address these issues.

**GOLENBOCK EISEMAN
ASSOR BELL & PESKOE** LLP

The Honorable Jessica G. L. Clarke
August 4, 2025
Page 4

      In accordance with the Court's Individual Rule 2(e), we propose the following three alternative dates for the IPC: October 7, 8, or 9, 2025. Should the Court find different dates after September 16, 2025, more preferable, we respectfully request that the Court reschedule the IPC at its convenience. We further request that the current case deadlines be similarly adjourned to a date seven (7) calendar days prior to the rescheduled IPC for submission of the joint letter and proposed case management plan.

                                                        Respectfully submitted,

                                                        */s/ Michael S. Devorkin*

                                                        Michael S. Devorkin

cc:  Cameron Reuber, Esq.
      Tatsuya Adachi, Esq.